# HILL CITY TRUCKING, INC., ET AL.

## V.

# MICHAEL LEWIS CHRISTIAN

Record No. 881083

November 10, 1989

Present: Carrico, C.J., Compton, Stephenson, Russell, Thomas,* Whiting, and Lacy, JJ.

---

\* Justice Thomas participated in the hearing and decision of this case prior to the effective date of his resignation, November 1, 1989.

M. *Lanier Woodrum (Robert M. McAdam; Mark J. Peake; Fox, Wooten & Hart*, on briefs), for appellants.
*Peter O. Ward, Jr.* for appellee.

Justice Lacy delivered the opinion of the Court.

The sole issue in this appeal is whether, for the purposes of coverage under the Workers' Compensation Act, an employee's injury arose out of his employment.

The history of this case involves a procedural marathon. Suffice it to say, however, that in an appeal to the Court of Appeals from an unfavorable decision by the full Industrial Commission, the employer, Hill City Trucking, Inc., and its workers' compensation insurer, New Hampshire Indemnity Company, Inc. (Hill City), were unable to convince the Court of Appeals, sitting *en banc*,

that an assault upon one of its truck drivers did not arise out of his employment. Hill City appeals the Court of Appeals' decision upholding the Industrial Commission's award of compensation to the employee.

Pursuant to Code § 17-116.07(B) we granted this appeal from the Court of Appeals because it involves "matters of significant precedential value." Generally, a decision of the Court of Appeals is final in cases originating before the Industrial Commission. Code § 17-116.07(A)(2).

Michael Lewis Christian was a long distance truck driver employed by Hill City. Hill City is an independent trucking carrier which usually hauls goods to the west from its main terminal in Lynchburg. On October 15, 1984, Christian was making a return trip from the West Coast hauling produce to a destination in Maryland. In the early morning, while traveling through Tennessee, he stopped at a truck stop to refuel his tractor trailer. While there, Christian received a $1,000 express check which his employer wired to cover his expenses. Christian cashed the check without noticing anyone watching him, paid $425 for his fuel, and resumed his journey, carrying the remaining $575 in cash in his wallet.

Christian had traveled west on Interstate 40 approximately 20 miles from the truck stop when he noticed a flashing blue light on the dashboard of the vehicle behind him. He pulled over in the belief that the police wanted him to stop. He got out of his truck and, as he walked back to the other vehicle, two men got out of it and pointed pistols at him; they were not police officers. After one of the men said "we want your money", Christian threw his wallet, containing the $575, to them and retreated toward his truck. The men took Christian's wallet and shot him. The assailants fled without disturbing the truck or its contents. Severely wounded, Christian managed to radio for help.

Christian's original claim was denied by a deputy commissioner, who found that the record was "devoid of any evidence . . . that the robbery of [Christian] was directed at him because of his employment status with" Hill City. The deputy, therefore, ruled that Christian's injury "did not arise out of the employment."

The full Industrial Commission reversed the deputy commissioner's decision. It based its decision on two assumptions: (1) "it is generally known that long distance truck drivers frequently carry money with which to pay their expenses during the trip";

and (2) the robbers had the opportunity to view Christian cashing his employer's check shortly before he was assaulted. The Commission ruled that "the claimant was . . . in an employment in which persons are known to carry money for travel expenses. . . . [T]herefore, [we] find that the robbery which occurred was a risk of the employment. . . ."

Hill City appealed the Commission's decision to the Court of Appeals, where a three-judge panel, applying the "actual risk" test, ruled that there was insufficient evidence to demonstrate that the assault was a result of Christian's work as a truck driver for Hill City. *Hill City Trucking* v. *Christian*, 5 Va. App. 106, 116, 360 S.E.2d 867, 872 (1987) (*Hill City I*).

Pursuant to Code § 17-116.02(D)(i), the Court of Appeals, sitting *en banc*, granted Christian's petition for rehearing and reversed the panel's decision. The full Court of Appeals refused to accept the Industrial Commission's assumptions that truckers carry cash or that the robbers saw Christian cash his check. "However, tractor trailer rigs are normally used to haul property. . . . It is apodictic that persons who haul property vulnerable to asportation are subject to robbery [and] Christian's work required him to be on dark roads, late at night in unfamiliar surroundings. . . . [Thus], robbery was a risk of Christian's employment." *Hill City Trucking* v. *Christian*, 7 Va. App. 78, 80-81, 371 S.E.2d 575, 576 (1988) (*Hill City II*). We do not agree.

■ In order to recover compensation for a work-related injury under the Workers' Compensation Act, one must satisfy the requirements of Code § 65.1-7 which prescribe the nature of compensable injuries. Compensation is provided for injuries which: (1) are caused by accident; (2) arise out of the employment; and (3) occur in the course of employment. *Southern Motor Lines* v. *Alvis*, 200 Va. 168, 170, 104 S.E.2d 735, 737 (1958). Christian satisfied the first requirement because injuries resulting from an intentional assault are deemed accidental when, as here, the injury is unusual and not expected. *Metcalf* v. *A.M. Express Moving*, 230 Va. 464, 469, 339 S.E.2d 177, 180 (1986). He also satisfied the third requirement because he was injured while fulfilling the duties of his employment. *R & T Investments* v. *Johns*, 228 Va. 249, 252, 321 S.E.2d 287, 289 (1984). The question then becomes whether Christian satisfied the second requirement: that the injury arose out of the employment. He did not.

■ In Virginia, we employ the "actual risk" test to determine whether an injury "arises out of" the employment.

> Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. *But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment.* The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence. *Bradshaw* v. *Aronovitch*, 170 Va. 329, 335, 196 S.E. 684, 686 (1938), quoting *In re McNicol*, 215 Mass. 497, 499, 102 N.E. 697, 697 (1913) (emphasis added).

*Baggett & Meador Cos.* v. *Dillon*, 219 Va. 633, 638, 248 S.E.2d 819, 822 (1978). Moreover, the claimant has the burden of proving by a preponderance of the evidence that the injury was an actual risk of the employment. *Id.* at 637, 248 S.E.2d at 822.

Christian did not carry his burden and was unable to offer any evidence indicating that the assault could be traced to his employment as a truck driver. He did not demonstrate that driving the truck was a contributing proximate cause to the assault or that the assault was a hazard to which he would not have been exposed apart from the employment. He was shot after robbers stole his wallet. The same tragedy could happen to anyone driving on the interstate highway at 3:00 a.m.

■ Both the Industrial Commission and the full Court of Appeals were forced to rely on assumptions and suppositions to hold that Christian's injury arose out of his employment. The Industrial Commission assumed that the general public knows truck drivers carry cash with which to pay their expenses. It also as-

sumed that the robbers witnessed Christian cashing his expense check.

We must dismiss both assumptions. No evidence that truckers carry cash to pay expenses was introduced. We agree with the panel of the Court of Appeals which found "it contrary to human experience to assume that 'it is generally known that long distance truck drivers frequently carry money with which to pay their expenses. . . .' [The panel found] it just as likely that for safety, convenience, and record keeping purposes truckers carry credit cards instead of cash." *Hill City I*, at 114, 360 S.E.2d at 871.

Neither was there evidence that the robbers watched Christian cash his check. On the contrary, Christian testified that he noticed no one watching him perform that task, but that the robbers "probably" saw him do it. Christian's bare suspicion that he was observed by the robbers while cashing his check is insufficient to justify an inference of that particular fact. *See C & O Ry. Co.* v. *Seay*, 195 Va. 566, 572, 79 S.E.2d 631, 634 (1954); *Edwards* v. *Hobson*, 189 Va. 948, 953, 54 S.E.2d 857, 859 (1949).

The full Court of Appeals correctly dismissed the Industrial Commission's assumptions regarding the evidence; however, it erred in making its own erroneous assumptions. We may assume without deciding that "[i]t is apodictic that persons who haul property vulnerable to asportation are subject to robbery" of the property they are hauling; however, it is not apodictic that they are subject to physical assault and robbery from their persons simply because they are driving tractor trailers. Additionally, driving on a dark unfamiliar road because work requires it, does not increase the risk of injury over that sustained by another person who is not on the job but is driving down the same road at the same time. In effect, the Court of Appeals applied the doctrine of positional risk, which we have consistently rejected. *County of Chesterfield* v. *Johnson*, 237 Va. 180, 185, 376 S.E.2d 73, 76 (1989).

■ Thus, without evidence to support a finding that Christian was injured as a result of the exposure occasioned by the nature of his employment, we rule that the injury did not arise out of his employment. For the reasons stated above, we will reverse the judgment of the Court of Appeals and will dismiss the claimant's application for compensation.

*Reversed and dismissed.*