425 S.E.2d 546 (1993)
MARKETING PROFILES, INC. and National Grange Mutual Insurance Company
v.
Kelvin Lewis HILL.
Record No. 2160-91-1.
Court of Appeals of Virginia.
January 12, 1993.
Rehearing En Banc Granted February 17, 1993.
S. Vernon Priddy, III, Richmond (Ralph L. Whitt, Jr., on briefs), for appellants.
*547 Michelle ReDavid Rack, Virginia Beach (Jeffrey F. Brooke, Michael D. Pace, Huff, Poole & Mahoney, P.C., on brief), for appellee.
Present: KOONTZ, C.J., and BENTON and BRAY, JJ.
BRAY, Judge.
Acting on application of Kelvin Lewis Hill (claimant), the Workers' Compensation Commission (commission) affirmed the deputy commissioner and awarded claimant benefits under the Workers' Compensation Act (the act). Marketing Profiles, Inc. (MPI) and its insurer, National Grange Mutual Insurance Company (insurer), appeal, arguing that the evidence was insufficient to prove that claimant's injury "arose out of and in the course of his employment." We agree that claimant failed to establish an injury arising out of employment and reverse the commission.
The record discloses that, at the time of his injury, claimant was "Director of Photography" for MPI, a "marketing and portrait photography" business headquartered in Richmond, Virginia. Claimant's job responsibilities included travel to neighboring states "at least once a week" "to take pictures." During these "assignments," it was "normal" that claimant "go around" in his personal vehicle, and he was always "compensated for mileage" by MPI.
On Saturday, July 14, 1990, claimant was scheduled for a "one day [photographic] assignment ... in Milford, Delaware." Alex Keisch (Keisch), president of MPI, knew of this engagement and Martha Kathleen Jones (Jones), a friend of claimant, testified that claimant mentioned the "shoot" during a conversation with her on the afternoon of July 13, 1990. Jones later received a recorded message from claimant on her "telephone answering machine," which indicated that "he was getting ready to leave the shoot ... going to leave" and "on his way back to Richmond." However, both the date and time of this call are unknown.
"Sometime" following this communication, "somewhere in Maryland," claimant was seriously injured. Hospital records report that he was admitted to Physicians' Memorial Hospital, located in LaPlata, Maryland, at 11:45 p.m. on July 14, 1990, following an "automobile accident," suffering from those injuries subject of this claim. Keisch testified that he was "aware" of claimant's "accident on ... July 14 in Maryland on Route 301" and confirmed that Route 301, "through Maryland," was the "shortest way" between Richmond and Milford, Delaware. Unfortunately, claimant remembered nothing of the period "three to four weeks" before and after the injury, and the evidence provides few additional details of the "accident."
"In order to recover on a workers' compensation claim, a claimant must prove: (1) an injury by accident,[1] (2) arising out of and (3) in the course of his employment." Kane Plumbing, Inc. v. Small, 7 Va.App. 132, 135, 371 S.E.2d 828, 830 (1988). The challenge of MPI and its insurer to the sufficiency of claimant's evidence to prove an injury occurring in the course and arising out of his employment poses "a mixed question of law and fact ... properly reviewable" on appeal to this Court. Sentara Leigh Hosp. v. Nichols, 13 Va.App. 630, 633, 414 S.E.2d 426, 428 (1992) (en banc).
"The expressions `arising out of' and `in the course of' are not synonymous and are used conjunctively; both conditions must be present before compensation will be awarded," and the burden rests upon claimant "to prove them by a preponderance of the evidence." Baggett Transp. Co. v. Dillon, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978); see Code § 65.2-101(B)(11). Thus, "we must determine whether the Commission's findings from the facts presented are sufficient in law to justify the award of compensation." Baggett, 219 Va. at 637, 248 S.E.2d at 822.
The "arising out of" proof necessary to support claimant's recovery under the act must establish "a causal connection *548 between the conditions under which the work is required to be performed and the resulting injury" that is "apparent to the rational mind upon consideration of all the circumstances." Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938) (quoting In re McNicol, 215 Mass. 497, 499, 102 N.E. 697, 697 (1913)); see also United Parcel Serv. v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985). The injury must have "followed as a natural incident of the work" and resulted from an "exposure occasioned by the nature of the employment." United Parcel, 230 Va. at 258, 336 S.E.2d at 893. The evidence must show "something more" than the occurrence of an "accident ... during the period of the employment," Norfolk & Washington Steamboat Co. v. Holladay, 174 Va. 152, 158, 5 S.E.2d 486, 489 (1939), and the "peculiar circumstances of each case are crucial," especially when, "as here, the injury... occurs at a place other than the employer's premises." Sentara, 13 Va. App. at 633, 414 S.E.2d at 428.
However, a particular condition or risk of employment which generally has not required proof of an "increased hazard peculiar to the work and not common to the public generally" relates to an employee's "presence on the street or highway." Immer & Co. v. Brosnahan, 207 Va. 720, 725, 152 S.E.2d 254, 257 (1967). Recognizing the inherent dangers of the highway confronted by anyone whose "work necessitates" such exposure, an "`actual risk test'" has developed in "`street cases.'" Id. at 725-26, 152 S.E.2d at 257; Norfolk & Washington Steamboat Co., 174 Va. at 159, 5 S.E.2d at 489; Cohen v. Cohen's Dep't Store, 171 Va. 106, 110, 198 S.E. 476, 477-78 (1938); Railway Express Agency v. Lewis, 156 Va. 800, 809-10, 159 S.E. 188, 191 (1931); Dreyfus & Co. v. Meade, 142 Va. 567, 129 S.E. 336 (1925). Injury under these circumstances is deemed to arise "out of the employment," provided (1) the employee's "duties ... require ... [a] ... presence upon the public streets," and (2) the "injury arose from an actual risk of that presence upon the streets." Sentara, 13 Va.App. at 634, 414 S.E.2d at 428. The second element of the test is dispositive of this appeal.
While the "actual risk" test assists claimant in establishing the requisite nexus between employment and the myriad threats of the highway, the claimant's evidence must relate his injury to a street risk connected with his employment. Baggett, 219 Va. at 643-44, 248 S.E.2d at 825; see Hill City Trucking, Inc. v. Christian, 238 Va. 735, 739, 385 S.E.2d 377, 379-80 (1989); Park Oil Co. v. Parham, 1 Va.App. 166, 170, 336 S.E.2d 531, 534 (1985). This proof distinguishes the "actual risk" concept from the "positional risk doctrine," long disfavored in Virginia. Baggett, 219 Va. at 640, 248 S.E.2d at 823; Hill City Trucking, 238 Va. at 740, 385 S.E.2d at 380; Dreyfus & Co., 142 Va. at 573-74, 129 S.E. at 337-38. Thus, not every highway injury which occurs in the course of employment is compensable, and the "possibility" of causes "totally unrelated" to the street risks of employment must be eliminated. Park Oil, 1 Va.App. at 170, 336 S.E.2d at 534.
Assuming, without deciding, that claimant satisfactorily established an injury by accident that occurred during the course of his employment,[2] his evidence fails to "explain the circumstances of the accident" and link the occurrence to a compensable street risk, thereby excluding noncompensable causes. Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 648 (1991). We indulge no presumption or inference that dispenses with proof that an unexplained highway accident "arose out of" employment. See id. at 381, 410 S.E.2d at 648.[3] The "burden of supplying evidence from which the inference can be legitimately drawn that the injury arose out of ... employment, rests upon the claimant" and *549 "[a]n award based upon surmise or conjecture will be set aside." Sullivan v. Suffolk Peanut Co., 171 Va. 439, 443, 199 S.E. 504, 506 (1938); see Memorial Hospital v. Hairston, 2 Va.App. 677, 682, 347 S.E.2d 527, 529 (1986).
Factual findings of the commission, based on credible evidence, are conclusive and binding upon this Court. Fairfax Hospital v. DeLaFleur, 221 Va. 406, 410, 270 S.E.2d 720, 722 (1980); Code § 65.2-706 (former Code § 65.1-98). If reasonable inferences may be drawn from credible evidence, this Court will not disturb such inferences on appeal. Hawks v. Henrico County School Bd., 7 Va.App. 398, 404, 374 S.E.2d 695, 698 (1988). Although both direct and circumstantial evidence "`may serve as the basis from which further inference of fact may be drawn,'" such evidence "must establish a fact" before it "may serve as a basis for inference." Johnson v. Commonwealth, ___ Va.App. ___, ___, 422 S.E.2d 593, 595 (1992) (quoting Chesapeake & O. Ry. v. Ware, 122 Va. 246, 257, 95 S.E. 183, 186-87 (1918)).
As the commission observed, this "record contains no evidence as to the details of the... vehicular accident." The testimony of Keisch that claimant was to perform "a job in Delaware," the "most reasonable way" to which was "U.S. 301," and of Jones that claimant "went" and "was returning" to Richmond explain claimant's presence on the highway. Such evidence, however, provides no facts to support additional inferences with respect to the particulars of the accident, proof of which is indispensable to claimant's benefits.
We, therefore, find that claimant's evidence was insufficient to establish those facts essential to support the commission's findings that his injury arose from employment and reverse its decision. In view of this disposition, we decline to address other issues presented in the appeal.
Reversed and final judgment.
BENTON, Judge, dissenting.
It has long been the rule in Virginia that an employee's injury in an automobile accident is compensable if "the employment subjected the employee to the hazards of the streets." Immer & Co. v. Brosnahan, 207 Va. 720, 725, 152 S.E.2d 254, 257 (1967).
[I]njuries sustained during the course of travel are compensable under the Workers' Compensation Act whenever the employer, for his own convenience or because of the location of the work place or places, agrees to provide the employee transportation by company vehicle or public conveyance; or to pay the employee wages or salary for the time spent in travel required by the work; or to reimburse the employee expenses incurred in the operation of his own vehicle in the performance of his duties.
Provident Life & Accident Ins. Co. v. Barnard, 236 Va. 41, 47, 372 S.E.2d 369, 372-73 (1988).
The evidence proved and the commission found that Hill's employment required him to travel to Delaware, that Hill was required to use his own automobile, that Hill was reimbursed for his travel and mileage expenses, and that Hill was injured in an automobile accident on the highway that was "the most reasonable way for [Hill] to go and come." No evidence tended to prove Hill was on a personal venture.
By relying upon Pinkerton's, Inc. v. Helmes, 242 Va. 378, 410 S.E.2d 646 (1991), and Sentara Leigh Hosp. v. Nichols, 13 Va.App. 630, 414 S.E.2d 426 (1992) (en banc), the majority mixes the rule in Immer and the "going and coming" rule. "The rule in Immer and the `going to and from work' rule are mutually exclusive." Sentara, 13 Va.App. at 640, 414 S.E.2d at 432 (Barrow, J., dissenting). Under the Immer rule, an employee's injury in an automobile accident is compensable if "the employment subjected the employee to the hazards of the streets." Immer, 207 Va. at 725, 152 S.E.2d at 257. The Supreme Court clearly stated that it is no longer "necessary ... that the employee show that his presence on the street or highway... exposes him to an increased hazard peculiar to the work and not common to the public generally." Id. The inquiry to be made is whether the employee's automobile trip arises out of the "nature, conditions, *550 obligations, or incidents" of employment. Id. at 723-24, 152 S.E.2d at 256. Hill's travel on the highway at the time he was injured in the automobile accident was "one which he was authorized and obligated to perform [;therefore, the] hazards of highway travel thus became necessary incidents of his employment." Id. at 728, 152 S.E.2d at 259.
For these reasons, I would affirm the commission's decision.

Upon a Petition for Rehearing En Banc

Before the Full Court
On January 27, 1993 came the appellee, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on January 12, 1993 and grant a rehearing en banc thereof.
On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on January 12, 1993 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.
The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellee shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.
NOTES
[1] Claimant's proof of injury by accident is not a substantive issue in this case.
[2] "[I]njuries sustained during the course of travel are compensable ... whenever the employer,... because of the location of the work place or places, agrees to ... reimburse the employee expenses incurred in the operation of his own vehicle in the performance of his duties." Provident Life & Accident Ins. Co. v. Barnard, 236 Va. 41, 47, 372 S.E.2d 369, 372-73 (1988).
[3] The vehicular accident in Pinkerton's did not occur on a public roadway.