**Richmond**

MARKETING PROFILES, INC.

AND

NATIONAL GRANGE MUTUAL INSURANCE
COMPANY

V.

KELVIN LEWIS HILL

No. 2160-91-1

Decided November 30, 1993

COUNSEL

Jeffrey F. Brooke (Michael D. Pace; Huff, Poole & Mahoney, P.C., on briefs), for appellant.

Ralph L. Whitt, Jr. (S. Vernon Priddy, III; Sands, Anderson, Marks & Miller, on brief), for appellee.

## UPON A REHEARING EN BANC

OPINION

**BENTON, J.**—A panel of this Court reversed the Workers' Compensation Commission's award of benefits to Kelvin Lewis Hill and held that Hill failed to present sufficient evidence that his injuries arose out of his employment. *Marketing Profiles, Inc. v. Hill,* 15 Va. App. 567, 425 S.E.2d 546 (1993). The Court stayed the mandate of that decision and granted a rehearing en banc. Upon rehearing, we affirm the commission's award.

Viewed in the light most favorable to Hill, who prevailed before the commission, *see Crisp v. Brown's Tysons Corner Dodge, Inc.,* 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986), the evidence at the evidentiary hearing proved that Hill was director of photography for Marketing Profiles, Inc., a portrait photography business located in Richmond. As a part of his duties as director of photography, Hill was required to travel at least once each week to other states to take photographs to be used in church directories. Hill used his personal auto-

mobile when travelling to his assignments, and he received an expense allowance based upon the number of miles that he travelled.

On July 14, 1990, Hill travelled in his automobile to Milford, Delaware, to take photographs at a church. When Hill completed his assignment, he telephoned a friend in Richmond and left a message that he was leaving Milford to return to Richmond. While Hill was driving his automobile on Route 301 in Maryland, "the shortest way" from Milford to Richmond, he was injured in an automobile accident. The hospital records report that Hill was "trapped in car after he was hit on passenger side" and that he suffered massive facial and dental injuries and trauma to the brain. Hill was unable to remember the period between three and four weeks before and after the accident.

The deputy commissioner concluded that Hill's inability to recall the details of the accident was "not a basis for finding that the evidence fails to establish a causal relationship between his employment and the accident." The deputy commissioner applied this Court's decision in *Helmes v. Pinkerton's, Inc.,* 11 Va. App. 196, 397 S.E.2d 402 (1990), which was later reversed by the Supreme Court, *Pinkerton's, Inc. v. Helmes,* 242 Va. 378, 410 S.E.2d 646 (1991), and awarded Hill benefits. Although the commission affirmed the deputy commissioner's award, it based its decision not on *Helmes* but on its finding that "sufficient credible circumstantial evidence [existed] to allow an inference that the claimant suffered an injury by accident arising out of and in the course of his employment." A panel of this Court reversed the commission's decision.

"In order to recover compensation for a work-related injury under the Workers' Compensation Act, one must satisfy the requirements of Code [§ 65.2-101] which prescribe the nature of compensable injuries." *Hill City Trucking, Inc. v. Christian,* 238 Va. 735, 738, 385 S.E.2d 377, 379 (1989). "'*Injury*' means . . . injury by accident arising out of and in the course of the employment." Code § 65.2-101. The concepts "arising out of" and "in the course of" employment are not synonymous and both conditions must be proved before compensation will be awarded. *Bradshaw v. Aronovitch,* 170 Va. 329, 335-36, 196 S.E. 684, 686 (1938). The burden rests upon claimant "to prove them by a preponderance of the evidence." *Baggett Transp. Co. v. Dillon,* 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978). Whether Hill's injury was an "injury by accident" is not at issue on this appeal.

The evidence proved that Hill's injury occurred "in the course of the employment" because at the time the accident occurred Hill was on his employer's mission. Credible evidence in the record proved that Hill's injury occurred while he was returning to Richmond from the photography assignment. That assignment was an integral part of his employment duties. He was injured on a highway that was the shortest and most direct route between his employer's headquarters and the place where he performed his assigned duties. The commission's findings of these factual issues are supported by credible evidence. *See James v. Capitol Steel Constr. Co.,* 8 Va. App. 512, 517, 382 S.E.2d 487, 490 (1989).

Furthermore, any doubt whether Hill was in the course of his employment is dispelled by proof that Hill's employer reimbursed Hill for travel and mileage expenses related to Hill's use of his own automobile. The rule long has been established that "injuries sustained during the course of travel are compensable under the Workers' Compensation Act whenever the employer, for [the employee's] own convenience or because of the location of the workplace or places, agrees . . . to reimburse the employee expenses incurred in the operation of [the employee's] own vehicle in the performance of [the employee's] duties." *Provident Life & Accident Ins. Co. v. Barnard,* 236 Va. 41, 47, 372 S.E.2d 369, 372-73 (1988). Thus, the commission's findings support the conclusion that Hill's injuries arose in the course of Hill's employment.

To satisfy the "arising out of" prong of the compensability test, Hill had to prove that "there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Bradshaw,* 170 Va. at 335, 196 S.E. at 686. When an employee's presence on the streets is shown to be in the course of employment, "Virginia, following the majority rule, has adopted what is known as the 'actual risk test,' under which, in the words of Larson, 'it is immaterial even whether the degree of exposure is increased, if in fact the employment subjected the employee to the hazards of the street, whether continuously or infrequently.' " *Immer & Co. v. Brosnahan,* 207 Va. 720, 725, 152 S.E.2d 254, 257 (1967) (quoting 1 Arthur Larson, *Workers' Compensation Law* § 9.10 (1993)). Credible evidence proved that, at the time Hill was injured in the automobile accident, his travel on the highway directly linking Richmond and Milford was travel "which he was authorized and obligated to perform

[;therefore,] the hazards of highway travel thus became necessary incidents of his employment." *Immer,* 207 Va. at 728, 152 S.E.2d at 259.

■ The evidence proved and the commission found that Hill's injuries were caused by an automobile accident. Hill was in his automobile when he was injured. He was in transit from Milford to Richmond on the most direct highway route. Nothing in the record establishes that Hill was engaged in activities unrelated to his employment or that he was on the road as a result of a personal mission. The commission found from the evidence that when Hill sustained his injury, he "was at a place where the employer could expect him to be." Credible evidence supports that finding. Consequently, Hill carried his "burden of supplying evidence from which the inference can be legitimately drawn that the injury arose out of . . . employment." *Sullivan v. Suffolk Peanut Co.,* 171 Va. 439, 443, 199 S.E. 504, 506 (1938). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." *Morris v. Badger Powhatan/Figgie Int'l, Inc.,* 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986). No evidence in this record supports a contrary finding. Hill's employer offered no evidence contradicting Hill's evidence that his automobile was hit on the passenger side while he was travelling on Route 301 in Maryland in the course of his employment. Under the actual street-risk rule, "if the employment occasions the employee's use of the street, the risks of the street are the risks of the employment." 1 Arthur Larson, *supra,* § 9.40.

The employer argues that the panel decision in this case properly applied *Helmes* to reverse the commission's decision. *See Hill,* 15 Va. App. at 571, 425 S.E.2d at 548. We disagree. The commission decision did not rely upon *Helmes* precisely because the principles addressed in *Helmes* are inapposite. Hill did not rely upon a presumption to prove that his injuries arose out of his employment. *Cf. Helmes,* 242 Va. at 380, 410 S.E.2d at 647-48. The evidence in this case proved that Hill was injured in a vehicular accident when his automobile was hit on the passenger side. The accident occurred while Hill was on a mission for his employer that required him to be in his automobile at the place and time when he was injured. Because Hill's employer sanctioned Hill's use of his automobile as a means of transportation to his assignments, "[t]he hazards of highway travel . . . became necessary incidents of his employment." *Immer,* 207 Va. at 728, 152 S.E.2d at 259.

For these reasons, we affirm the commission's award.

*Affirmed.*

Moon, C.J., Barrow, J., Coleman, J., Willis, J., Elder, J., and Fitzpatrick, J., concurred.

Bray, J., with whom Baker, J. and Koontz, J. join, dissenting.

Because the majority construes the "actual risk test" to support an award of workers' compensation benefits for all unexplained injuries suffered in the course of employment on a street or highway, we respectfully dissent.

In order to recover, Hill must prove, by a preponderance of the evidence, (1) an injury by accident,[1] (2) arising out of and (3) in the course of his employment. *Baggett Transp. Co. v. Dillon,* 219 Va. 633, 636, 248 S.E.2d 819, 821 (1978); *see* Code § 65.2-101. Employer's challenge to the sufficiency of Hill's evidence to establish his claim presents "a mixed question of law and fact . . . properly reviewable on appeal" to this Court. *Sentara Leigh Hosp. v. Nichols,* 13 Va. App. 630, 633, 414 S.E.2d 426, 428 (1992) (en banc). Thus, "we must determine whether the Commission's findings from the facts presented are sufficient in law to justify the award of compensation." *Baggett,* 219 Va. at 637, 248 S.E.2d at 822.

The "arising out of" proof, indispensable to Hill's recovery, must establish "a causal connection between the conditions under which the work is required to be performed and the resulting injury" that is "apparent to the rational mind upon consideration of all the circumstances." *Bradshaw v. Aronovitch,* 170 Va. 329, 335, 196 S.E. 684, 686 (1938) (quoting *In re McNicol,* 215 Mass. 497, 499, 102 N.E. 697, 697 (1913)); *see also United Parcel Serv. v. Fetterman,* 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985). The injury must have "followed as a natural incident of the work" and resulted from an "exposure occasioned by the nature of the employment." *United Parcel,* 230 Va. at 258, 336 S.E.2d at 893. The evidence must show "something more" than the occurrence of an "accident . . . during the period of the employment," *Norfolk & Washington Steamboat Co. v. Holladay,* 174 Va. 152, 158, 5 S.E.2d 486, 489 (1939), and the "peculiar circumstances of each case are crucial," especially when, "as here, the injury

---

[1] Hill's proof of injury by accident is not a substantive issue in this case.

. . . occurs at a place other than the employer's premises." *Sentara,* 13 Va. App. at 633, 414 S.E.2d at 428.

However, "presence on the street or highway" necessitated by employment poses a risk to the employee which generally has not required evidence of an "increased hazard peculiar to the work and not common to the public." *Immer & Co. v. Brosnahan,* 207 Va. 720, 725, 152 S.E.2d 254, 257 (1967). Recognizing the inherent dangers of the highway to anyone whose "work necessitates" such exposure, an "actual risk test" has developed in "street cases." *Id.* at 725-26, 152 S.E.2d at 257-58; *see also Norfolk & Washington Steamboat Co.,* 174 Va. at 159, 5 S.E.2d at 489; *Cohen v. Cohen's Dep't Store,* 171 Va. 106, 110, 198 S.E. 476, 477-78 (1938); *Railway Express Agency v. Lewis,* 156 Va. 800, 809-10, 159 S.E. 188, 191 (1931); *Dreyfus & Co. v. Meade,* 142 Va. 567, 574, 129 S.E. 336, 338 (1925). Injury under these circumstances is deemed to arise "in the course of the employment," provided (1) the employee's "duties . . . require . . . [a] presence upon the public streets," *and* (2) the "injury arose from an actual risk of that presence upon the streets." *Sentara,* 13 Va. App. at 634, 414 S.E.2d at 428. We find the second element of the test dispositive of this appeal.

While the "actual risk test" assists Hill in proving the requisite nexus between employment and the myriad threats of the highway, his evidence must, nevertheless, relate his injury to a street risk which is compensable, thereby eliminating the "possibility" of causes "totally unrelated" to the street risks of employment. *Park Oil Co. v. Parham,* 1 Va. App. 166, 170, 336 S.E.2d 531, 534 (1985); *see Hill City Trucking, Inc. v. Christian,* 238 Va. 735, 739, 385 S.E.2d 377, 379-80 (1989); *Baggett,* 219 Va. at 643-44, 248 S.E.2d at 825. The necessity of such proof distinguishes the "actual risk" concept from the "positional risk doctrine," long disfavored in Virginia. *Baggett,* 219 Va. at 640, 248 S.E.2d at 823; *Hill City Trucking,* 238 Va. at 739, 385 S.E.2d at 379; *Dreyfus & Co.,* 142 Va. at 573-74, 129 S.E. at 337-38.

We do not disagree with the conclusion that Hill adequately established an injury by accident during the course of his employment. However, his evidence fails to "explain the circumstances of the accident" sufficiently to connect the occurrence to a compensable street risk. *Pinkerton's, Inc. v. Helmes,* 242 Va. 378, 380, 410 S.E.2d 646,

648 (1991).[2] We indulge no presumption or inference that dispenses with proof that an unexplained highway accident "arose out of" employment. *See id.* at 381, 410 S.E.2d at 648.[3] "The burden of supplying evidence from which the inference can be legitimately drawn that the injury arose out of . . . employment, rests upon the claimant," and "[a]n award based upon surmise or conjecture will be set aside." *Sullivan v. Suffolk Peanut Co.,* 171 Va. 439, 443, 199 S.E. 504, 506 (1938); *see Memorial Hosp. v. Hairston,* 2 Va. App. 677, 682, 347 S.E.2d 527, 529 (1986). Hill urges us not only to imagine causation but to exclude all noncompensable possibilities from the fantasy.

We are mindful that factual findings of the commission, based on credible evidence, are conclusive and binding upon this Court. *Fairfax Hosp. v. DeLaFleur,* 221 Va. 406, 410, 270 S.E.2d 720, 722 (1980); Code § 65.2-706 (former Code § 65.1-98). If "reasonable inferences" may be drawn from credible evidence, "they will not be disturbed by this Court on appeal." *Hawks v. Henrico County Sch. Bd.,* 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). However, before circumstantial evidence "'may serve as the basis from which further inference of fact may be drawn,'" it first "must establish a fact," reliance upon which is not to be "extremely attenuated." *Johnson v. Commonwealth,* 15 Va. App. 73, 77, 422 S.E.2d 593, 595 (1992) (citations omitted). While the record may establish Hill's injury in an automobile accident in the course of employment, this evidence does not support factual inferences in explanation of the accident, proof of which is essential to an award.

We recognize that the Act "should be liberally construed to carry out . . . [its] humane and beneficial purposes," but the General Assembly has not "authorize[d] the amendment, alteration or extension of its provisions" by either the commission or this Court. *Baggett,* 219 Va. at 637, 248 S.E.2d at 822. Hill simply failed to prove by a preponderance of the evidence that his injuries arose from employment, and we would, therefore, reverse the decision of the commission.

---

[2] Contrary to the majority opinion, the commission noted that it "did not base [its] decision" in the instant case on *Helmes* because that case was then "pending before the Supreme Court of Virginia."

[3] The vehicular accident in *Pinkerton's* did not occur on a *public* roadway.