COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


DENNIS D. POLESKY
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 2468-96-4          JUDGE JAMES W. BENTON, JR.
                                       APRIL 15, 1997
ALEXANDRIA EXXON AND
 UNITED STATES FIDELITY & GUARANTY COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Christopher Paul Schewe (Cake, Rhoades &
            Schewe, P.C., on brief), for appellant.

            Joseph F. Giordano (Semmes, Bowen & Semmes,
            on brief), for appellees.



     Dennis D. Polesky appeals from the commission's ruling that
he failed to prove a change in condition and a compensable
disability beginning on September 1, 1995.  Polesky contends that
the commission improperly invoked the principle of res judicata
and that no credible evidence supported the commission's
decision.  For the reasons that follow, we affirm the decision.

                              I.

     Viewing the evidence in the light most favorable to the
employer, the party who prevailed before the commission, see
Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504,
339 S.E.2d 916, 916 (1986), the record proved that Polesky was
hired by the employer in 1985 as a gas station attendant.
Because Polesky had informed the employer that he had seven prior

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

hernia operations which permanently restricted him from lifting more than fifteen pounds, the employer hired him in a light duty capacity. On September 17, 1994 Polesky lifted one of the gas station's bay doors and felt a sharp pain in the left side of his lower back.

Polesky initially received treatment from Dr. Henry McCleary, a chiropractor. Dr. McCleary excused Polesky from work until September 24, 1994 and referred Polesky to Dr. Abdorasool Janati, a neurologist. Dr. Janati requested an MRI, which, when performed on October 24, 1994, showed "no evidence for disc herniations." Several weeks later, Dr. Janati performed an EMG study and concluded that Polesky had "a mild L3 radiculopathy on the left." Dr. Janati also performed a somatosensory evoked response study of Polesky's lower extremities and reported that the result was normal.

When the employer offered Polesky a panel of physicians, Polesky selected Dr. Wayne C. Lindsey, an orthopedist. Dr. Lindsey evaluated Polesky on November 1, 1994 and referred Polesky to physical therapy for hamstring stretching and lumbar strengthening. However, Dr. Lindsey reported that Polesky was capable of resuming his normal light duty work activities.

Polesky was delayed in his return to work because of renovations at the gas station, and he returned to work on December 29, 1994. After returning to work, Polesky participated in a full-time work hardening program at the Rehability Center

that consumed his work days from January 4, 1995 to January 20, 1995. The final report from the Rehability Center recommended that Polesky return to his full-time former employment.

In February 1995, Dr. Lindsey reviewed the reports from the Rehability Center and released Polesky to his regular duties. Polesky continued his full-time employment duties until March 3, 1995. Polesky testified that on March 3 he experienced pain when raising doors.

Noting that Dr. Lindsey had directed Polesky to return to work, Dr. McCleary opined on March 3, 1995 that Polesky had been "forced back to full time work [too] quickly" and that working had aggravated his condition. He recommended that Polesky be put on full disability status until further notice. On March 3, Dr. Janati also opined that Polesky was totally disabled.

On March 22, 1995, Polesky filed a claim for benefits and alleged that he was disabled beginning September 17, 1994, and continuing. Dr. Janati reported again on August 4, 1995, shortly before the evidentiary hearing, that Polesky "continues to be totally disabled." Following an evidentiary hearing on August 8, 1995, the deputy commissioner found that Dr. Lindsey, the last physician who examined Polesky, opined that Polesky was able to work and that no physician had examined Polesky after March 3. Although the deputy commissioner had as evidence Dr. McCleary's March 3, 1995 opinion and Dr. Janati's March 3, 1995 and August 4, 1995 opinions that Polesky was disabled, the deputy

- 3 -

commissioner ruled "that the evidence does not establish continuing total work incapacity from March 3, 1995." The deputy commissioner entered an award for compensation for total work incapacity from January 11, 1995 through January 24, 1995. Polesky did not appeal from that decision.

Later, Polesky filed a change in condition application, seeking total disability benefits from March 3, 1995 and continuing. At the March 28, 1996 evidentiary hearing on that application, Polesky testified that he had not suffered any additional injuries after August 1995. The evidence also proved that Dr. McCleary examined Polesky on September 12, reported that his disability status had not changed, and continued treating Polesky. On September 14, 1995, Dr. Janati reported that he examined Polesky, noted that his symptoms were "essentially unchanged," and opined that Polesky remained totally disabled.

Dr. Mirza Baig examined Polesky in October 1995 and suggested that Polesky consider percutaneous lumbar discectomy because, among other reasons, the MRI given in 1994 suggested a disc herniation. While continuing to treat Polesky, Dr. Janati recommended that he receive epidural steroid blocks and concurred with Dr. Baig that surgery might be necessary. However, Dr. Lindsey examined Polesky in November 1995 and restated his opinion that Polesky could continue his normal work activities.

Following the evidentiary hearing, the deputy commissioner ruled that Polesky has been disabled since September 1995, that

the MRI confirmed the disc herniation, and that Polesky was entitled to temporary total disability benefits from September 1, 1995 and continuing until his conditions change. The commission, however, ruled that Polesky had not met his burden of proving a change in condition and reversed the deputy commissioner's decision. In so ruling, the commission made the following findings:

> We find that the medical reports from the treating physicians demonstrate no actual change in condition since [Polesky's] disability status was determined by the Deputy Commissioner in the Opinion issued August 31, 1995. The claimant in these proceedings essentially asks the Commission to reevaluate evidence that is now restated by his treating physicians. There is no new evaluation based on evidence not earlier available or considered by the physicians, or by the Deputy Commissioner when the case was earlier decided. We therefore find no change in condition, and the claimant is barred by res judicata from a reconsideration of disability status that is unchanged since March 3, 1995.

## II.

"General principles of work[er]'s compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). "[I]t is fundamental that a finding of fact made by

the Commission is conclusive and binding upon this court on review." Virginia Dept. of Corrections v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). Equally fundamental is the principle that "[a] question raised by conflicting medical opinion is a question of fact." Id.

The record clearly established that following the first evidentiary hearing the deputy commissioner found that Dr. Janati's and Dr. McCleary's diagnoses were not persuasive. The deputy commissioner gave little weight to their reports, including Dr. Janati's report dated August 4, 1995, that Polesky continued to be disabled. Instead, the deputy commissioner relied upon Dr. Lindsey's opinion that Polesky was not disabled. Thus, the deputy commissioner found that Polesky was entitled to compensation for two weeks in January 1995 and proved no continuing disability after that period.

Polesky's failure to appeal those findings is significant because in September of 1995, a period in which Polesky contends that he experienced a change in condition, Dr. Janati reported that Polesky's "symptoms remain[ed] essentially unchanged" and that he "remain[ed] totally disabled." Likewise, Dr. McCleary examined Polesky in September 1995 and also reported that "Polesky was placed in a total disability status on March 3, 1995" and that he continued to be disabled. Both doctors believed that Polesky's condition had continued to be the same since March 3, 1995. Their reports fail to establish that

Polesky's condition had significantly changed since March 3, 1995, the date the deputy commissioner found was the end of Polesky's disability.

The commission properly found that, to the extent that Dr. Janati and Dr. McCleary based their post-August 1995 reports upon their findings that Polesky was disabled on March 3, 1995 and continued to be so disabled, Polesky was barred by res judicata from seeking to relitigate the initial deputy commissioner's finding that the evidence at the August 8, 1995 hearing did not prove disability after March 3, 1995. The evidence at that hearing, including a report from Dr. Janati dated August 1995, was found insufficient to prove a disability by a preponderance of the evidence.

> "The true test of the conclusiveness of a former judgment with respect to particular matters is identity of issues. If a particular point or question is in issue in the second action, and the judgment will depend on the determination of the particular point or question, a former judgment between the same parties will be final and conclusive in the second [action] if that same point was in issue and adjudicated in the first suit."

Allegheny Airlines, Inc. v. Merillat, 14 Va. App. 341, 344, 416 S.E.2d 467, 469 (1992) (citation omitted). The commission properly concluded that to the extent that Dr. Janati and Dr. McCleary based their post-August 1995 findings of disability on their diagnoses that Polesky's March 3, 1995 disability continued unchanged, those reports were being used by Polesky contrary to principles of res judicata.

III.

On appeal, we must determine if there is credible evidence in the record to sustain the commission's findings that Polesky did not prove a change in condition. See Sneed v. Morengo, Inc., 19 Va. App. 199, 204-05, 450 S.E.2d 167, 170-71 (1994). "'In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses.'" Falls Church Constr. Corp. v. Valle, 21 Va. App. 351, 359, 464 S.E.2d 517, 522 (1995) (citation omitted). The opinion of the commission must be affirmed if it is based upon credible evidence in the record. See Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 435, 437 S.E.2d 727, 731 (1993) (en banc).

The evidence in the record proved that Dr. Lindsey, who opined that Polesky was not disabled in February 1995, also examined Polesky in November 1995. Dr. Lindsey opined that Polesky had chronic lumbar strain consistent with his pre-employment condition, that he had "no evidence of radiculopathy that would warrant any surgical treatment," and that Polesky "clearly demonstrates capabilities that are consistent with his pre-injury level of activity." Based on those opinions, Dr. Lindsey stated that Polesky "can resume his pre-injury level of work activity."

The commission acknowledged that Dr. Mirza Baig examined Polesky and recommended surgery. However, the commission found

- 8 -

that Dr. Baig's diagnosis was based in large measure upon interpretations earlier reported by Drs. Janati and McCleary and upon an MRI study that was performed in 1994, before the first evidentiary hearing. Thus, the commission found Dr. Baig's reports to be less persuasive than the reports of Dr. Lindsey, which were based upon a more recent examination of Polesky.

"Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). The commission resolved the conflict in the medical evidence when it found Dr. Lindsey's opinion to be more persuasive. That finding is binding upon us. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). We cannot say that the commission's factual finding that the medical evidence failed to prove a change of condition is unsupported by credible evidence in the record.

For the foregoing reasons, we affirm the commission's decision.

Affirmed.