COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


ROBERT BEATTY
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2322-96-1        JUDGE NELSON T. OVERTON
                                             APRIL 29, 1997
NARRICOT INDUSTRIES, INC., ET AL.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Richard E. Railey, Jr. (Railey & Railey,
              P.C., on brief), for appellant.

              Arthur T. Aylward (Midkiff & Hiner, P.C., on
              brief), for appellees.


     Robert Beatty appeals from a decision of the Workers'

Compensation Commission that found that an injury he suffered

while working for Narricot Industries, Inc. did not arise out of

his employment. Finding credible evidence in the record to

support the commission's decision, we affirm.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     Guided by well established principles, we construe the

evidence in the light most favorable to the party prevailing

below.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va.

App. 503, 504, 339 S.E.2d 916, 916 (1986).  The claimant bears

the burden of proving his injury arose out of his employment.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

See Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993). The issue of whether an injury arose out of employment is a mixed question of law and fact, reviewable on appeal. See Southside Training Center v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995). However, the commission's underlying findings of fact will not be disturbed on review if credible evidence supports them. See Hill, 17 Va. App. at 435, 437 S.E.2d at 729-30; Ogden Allied Aviation v. Shuck, 17 Va. App. 53, 55, 434 S.E.2d 921, 922 (1993).

Beatty originally told his employer, his doctors, and the insurance adjuster that his injury occurred when he twisted in his seat at work. For the first time at the deputy commissioner's hearing, Beatty testified that the injury occurred as he rode over a bump. As the fact finder, the commission was entitled to resolve this factual discrepancy as to how the injury occurred, see Grove v. Allied Signal, Inc., 15 Va. App. 17, 19, 421 S.E.2d 32, 33 (1992), and find that Beatty's accident did in fact occur as he was twisting. Credible evidence supports this determination.

Injuries from simple acts such as walking, bending, turning, or, in this case, twisting, do not arise out of the employment absent some condition of the employment which contributes to the injury. See County of Chesterfield v. Johnson, 237 Va. 180, 186, 376 S.E.2d 73, 76 (1989). The evidence does not support the existence of such a condition of employment.

2

Narricot Industries cross-appeals, contending that the commission erred in finding that the injury occurred while in the course of Beatty's employment.  Because our holding above disposes of this matter completely, we need not address the cross-appeal.

Accordingly, the commission's decision is affirmed.

<u>Affirmed.</u>