COURT OF APPEALS OF VIRGINIA

Present: Judges Fitzpatrick, Overton and Senior Judge Duff
Argued by Teleconference


ELECTRODYNE, INC., ET AL.
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2374-96-4          JUDGE NELSON T. OVERTON
                                             JUNE 10, 1997
KIM HARRISON

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Benjamin J. Trichilo (Trichilo, Bancroft,
              McGavin, Horvath & Judkins, P.C., on briefs),
              for appellants.

              William A. Musto (Koonz, McKenney, Johnson,
              DePaolis & Lightfoot, P.C., on brief), for
              appellee.


     Electrodyne, Inc. (employer) appeals from a decision of the

Workers' Compensation Commission awarding Kim Harrison benefits

for a work-related injury.  Finding credible evidence in the

record to support the commission's decision, we affirm.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     Guided by well established principles, we construe the

evidence in the light most favorable to the party prevailing

below.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va.

App. 503, 504, 339 S.E.2d 916, 916 (1986).  The claimant bears

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

the burden of proving his injury arose out of his employment. See Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993). The issue of whether an injury arose out of employment is a mixed question of law and fact, reviewable on appeal. See Southside Training Center v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995). However, the commission's underlying findings of fact will not be disturbed on review if credible evidence supports them. See Hill, 17 Va. App. at 435, 437 S.E.2d at 729-30; Ogden Allied Aviation v. Shuck, 17 Va. App. 53, 55, 434 S.E.2d 921, 922 (1993).

Employer first asserts that Harrison's condition was not the result of a work-related injury by accident. The evidence, however, supports the commission's conclusion that an accident occurred. Harrison's coworkers saw him looking at his foot that day, and he later recounted the event to others. The doctors' notes contain a mention of the accident. After reviewing all of the evidence and hearing testimony, the commission found that the accident did occur. This factual finding will be upheld on appeal because credible evidence supports it.

Employer next asserts that Harrison is not entitled to benefits after May 23, 1995 because Harrison did not originally request benefits for that period and then presented insufficient evidence to support disability after May 23. Although the initial claim did not request benefits after this date, by the time of the hearing the claim had been amended to include this

period as well and was stated on the record.  After his surgery, Harrison could not stay on his feet and had to work sitting down, and for fewer days per week.  The commission specifically found in its opinion that Harrison's "reduction in pay is based upon the employer's withdrawal of light duty employment."  Finding credible evidence to support this determination, we affirm the award of temporary partial disability benefits after May 23, 1995.

Accordingly, the decision of the commission is affirmed.

Affirmed.