COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Senior Judge Duff


HORNER LAWN SERVICE, INC. AND
 COMMERCIAL UNION MIDWEST INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 2043-99-2              PER CURIAM
                                      FEBRUARY 8, 2000
ROY THOMAS COMPTON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Charles F. Midkiff; Joshua M. Wulf;
              Midkiff & Hiner, P.C., on brief), for
              appellants.

              (Benjamin M. Smith, Jr.; Kilgore & Smith, on
              brief), for appellee.


     Horner Lawn Service, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Roy Thomas Compton

proved that he sustained an injury by accident arising out of

his employment on September 17, 1997.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So

_____

      * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

viewed, the evidence proved that Compton was employed as a landscape worker for employer. On September 17, 1997, Compton rode as a passenger in employer's truck while en route from one job site to another job site. The truck, which was driven by his co-worker, Frank Ely, was involved in a head-on automobile collision. No evidence indicated that the driver or Compton detoured from the normal route between the two jobs or engaged in any activity not related to their employment.

According to the medical records, Compton was thrown from the truck and lost consciousness for a period of time. After Compton regained consciousness in the hospital, he remembered leaning to retrieve his cigarettes from the floor of the truck. He could not remember anything about the accident or the events that followed the accident.

In holding that Compton proved that he sustained an injury by accident arising out of his employment, the commission found that Compton's "failure to recall the cause of his accident is not fatal to his claim." The commission relied upon the "actual street risk" rule found in Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 434-35, 437 S.E.2d 727, 729 (1993), to support its decision.

In Marketing Profiles, we recognized the following:

> To satisfy the "arising out of" prong of the compensability test, [the employee] had to prove that "there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between

-

the conditions under which the work is required to be performed and the resulting injury."  When an employee's presence on the streets is shown to be in the course of employment, "Virginia, following the majority rule, has adopted what is known as the 'actual risk test,' under which, in the words of Larson, 'it is immaterial even whether the degree of exposure is increased, if in fact the employment subjected the employee to the hazards of the street, whether continuously or infrequently.'"

Id. at 434, 437 S.E.2d at 729 (citations omitted).

The evidence proved and the commission found that Compton's injuries were caused by an automobile accident.  Compton was a passenger in his employer's truck, which was being driven by his co-employee, when he was injured.  He was in transit between two job sites, following the normal route with no detours.  "Nothing in the record establishes that [Compton] was engaged in activities unrelated to his employment or that he was on the road as a result of a personal mission."  Id. at 435, 437 S.E.2d at 729.  Indeed, credible evidence proved that when Compton was injured in the automobile accident, "his travel on the highway . . . linking . . . [the two job sites] was travel 'which he was authorized and obligated to perform[; therefore,] the hazards of highway travel thus became necessary incidents of his employment.'"  Id. at 434-35, 437 S.E.2d at 729 (citation omitted).

As we recognized in Marketing Profiles, "'[i]f there is evidence, or reasonable inferences can be drawn from the

-

evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding.'"  Id. at 435, 437 S.E.2d at 430 (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986)).  Compton carried his burden of proving evidence and inferences from that evidence that his injury arose out of employment.  No evidence in this record supports a finding contrary to that of the commission.

For these reasons, we affirm the commission's decision.

Affirmed.

-