COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, McClanahan and Retired Judge Hodges[*]


MURPHY-BROWN, LLC AND
  ACE AMERICAN INSURANCE COMPANY/
  GALLAGHER BASSET SERVICES, INC.

                                                    MEMORANDUM OPINION[**]
v.       Record No. 2752-08-2                              PER CURIAM
                                                         APRIL 14, 2009
STEVE BUDNICK


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (William W. Nexsen; Jeffrey P. Partington; Stackhouse, Nexsen &
                  Turrietta, PLLC, on briefs), for appellants.

                  (Thomas J. Schilling; Schilling & Esposito, PLLC, on brief), for
                  appellee.


        Murphy-Brown, LLC and its insurer (hereinafter referred to as "employer") appeal a

decision of the Workers' Compensation Commission awarding temporary total disability benefits

and medical benefits to Steve Budnick (claimant).  Employer contends the commission violated

the doctrine of Massie v. Firmstone, 134 Va. 450, 114 S.E. 652 (1922), by crediting the

testimony of Trooper Steven Mize, rather than that of claimant, regarding the cause of claimant's

injury.[1]  Employer also argues the commission committed reversible error in finding claimant

---

        [*] Retired Judge Hodges took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Claimant contends employer failed to raise this issue in accordance with Rule 5A:18.
However, employer raised this issue in its written statement in support of its request for review
by the full commission pursuant to Code § 65.2-705.  The commission expressly ruled on this
question in its opinion.  Accordingly, we reject claimant's contention that this issue is barred by
Rule 5A:18.

proved he sustained a compensable injury by accident. Upon reviewing the record, briefs, and motions[2] of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

As a result of a motor vehicle accident in North Carolina on May 5, 2005, claimant, who was employed as a truck driver by employer, sustained a traumatic brain injury that impaired his ability to communicate. Through an interpreter, claimant testified that on the night of the accident the tractor-trailer he was driving left the road because he lost control of the vehicle. Claimant also testified he hit a pothole.

Trooper Mize investigated the accident on behalf of the North Carolina State Highway Patrol. As a result of his investigation, Trooper Mize determined that a tire on the tractor-trailer had ruptured, which he believed occurred as the vehicle rolled over. He noted that north of the accident scene was a curve in the roadway that contained broken pavement, approximately a tenth of a mile from the accident site, but he did not see any particular defect in the roadway or other reason that could cause the tire to blow out. He did not believe the road conditions played any part in the accident. He reviewed a number of photographs of the accident scene and identified rubber tire marks on the road leading into the dirt caused by the vehicle's tires on the left side. Trooper Mize acknowledged that there is a diamond-shaped road sign on Mary Odom Road indicating rough conditions. Based upon his investigation of the scene, it was his impression that the trailer hauled by the claimant began to roll over first and dragged the tractor with it. Trooper Mize testified that the physical evidence was consistent with someone attempting to gain control of the vehicle as it entered the curve. Trooper Mize also had no evidence that speed was involved in the accident. He stated further:

---

[2] We deny employer's motion to strike the appellee's brief and grant the motion to partially withdraw the motion to strike.

What caused him to roll over was a combination of the inertia, which is based on the weight of the load, and then as he dropped off, changed the center of gravity and slope of the highway. So it's a combination of both of those, yes. That's what caused him to roll over. The cause of the wreck is he put his steering in a little too late.

Contrary to the employer's contention, the claimant did not testify that hitting a pothole caused him to lose control. He testified that he hit a pothole. He also testified that he lost control. The Commission found that the statements of the claimant and Trooper Mize were not so inconsistent that it was error to rely on Trooper Mize's testimony. Due to the accident, the claimant is impaired in his communicative ability, and his testimony of the cause of the accident was subject to interpretation.

In Massie, the Supreme Court of Virginia stated:

As a general rule when two or more witnesses introduced by a party litigant vary in their statements of fact, such party has the right to ask the court or jury to accept as true the statements most favorable to him. In such a situation he would be entitled to have the jury instructed upon his contention, or if there were a demurrer to the evidence, the facts would have to be regarded as established in accordance with the testimony most favorable to him. This is not true, however, as to the testimony which he gives himself. No litigant can successfully ask a court or jury to believe that he has not told the truth. His statements of fact and the necessary inferences therefrom are binding upon him. He cannot be heard to ask that his case be made stronger than he makes it, where . . . it depends upon facts within his own knowledge and as to which he has testified.

Massie, 134 Va. at 462, 114 S.E. at 656. Because the testimony of the claimant and the trooper was not contradictory, we find no merit to employer's contention that based upon the holding in Massie, the commission was bound to accept only claimant's testimony regarding the cause of the accident.

Employer also contends that with the exclusion of Trooper Mize's testimony, claimant's testimony alone failed to prove the cause of the accident. In light of our holding above, however,

- 3 -

we find the commission did not err in finding claimant proved by a preponderance of the evidence the accident was attributable to a hazard of his employment. See Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 435, 437 S.E.2d 727, 730 (1993) (*en banc*) (observing that "[u]nder the actual street-risk rule, 'if the employment occasions the employee's use of the street, the risks of the street are the risks of the employment'").

Thus, based upon our review of the record and the commission's opinion, we find that this appeal is without merit. We summarily affirm the commission's decision.

Affirmed.