## Richmond

FAIRFAX HOSPITAL AND AETNA CASUALTY AND SURETY CO.

v.

THERESA DELAFLEUR

October 10, 1980.

Record No. 791446.

Present: All the Justices.

*Michael L. Davis* (*R. Craig Jennings; Slenker, Brandt, Jennings and Johnston,* on brief), for appellants.

*Robert K. Richardson* (*Odin, Feldman & Pittleman,* P.C., on brief), for appellee.

PER CURIAM.

On April 19, 1978, Fairfax Hospital and its insurer, Aetna Casualty and Surety Company (collectively, the Hospital), filed an application for termination of benefits payable to Theresa DeLaFleur, a registered nurse employed by the Hospital, for temporary total disability resulting from an industrial accident on March 11, 1976. The application alleged that the employee was able to resume her regular employment by April 5, 1978. By award entered May 18, 1979, the hearing commissioner vacated the outstanding award of compensation as of April 19, 1978, but ordered the Hospital to continue to provide medical attention "occasioned by" the industrial accident. DeLaFleur applied for review before the full Commission and asked for determination of "responsibility for certain medical expenses".

The Commission ruled that the Hospital had failed to prove that DeLaFleur had recovered from her industrial accident prior to August 29, 1978 (the date one of her surgeons reported her able to return to work), and made a finding of fact that surgical treatment rendered

to the employee in March, 1978, "was causally related" to that accident. An award was entered September 4, 1979, ordering the employer to pay compensation until August 29, 1978, and the cost of the surgery. The Hospital requested a rehearing on the ground that the employer's liability for the surgery had not been determined by the hearing commissioner, but the request was denied. We granted the Hospital an appeal limited to the question of liability for the costs of the surgical treatment.

It is uncontroverted that DeLaFleur sustained her compensable back injury while lifting a patient in the Hospital. A lumbar myelogram performed on May 3, 1977, revealed defects consistent with herniated discs on her left side at the L4-5 level and on her right side at the L5-S1 level. DeLaFleur's attending physician, Mathew N. Smith, M.D., a neurosurgeon, diagnosed her problem as herniated discs at L4-5 left and L5-S1 right. On July 27, 1977, a laminectomy was performed at L5-S1 on the right side, but exploration during the operation revealed no evidence of herniation at L4-5 left. Dr. Smith subsequently reported the removal of the herniated disc at L5-S1 right.

In August 1977, DeLaFleur injured her neck and back in an automobile accident unrelated to her employment. Dr. Smith reported that she sustained a cervical sprain and exacerbation of her "low back problem", as well as an abdominal injury, in the automobile accident. He subsequently reported that prior to that accident, he had anticipated that DeLaFleur would return to work in September. The Hospital thereupon applied for termination of benefits payable for the industrial accident. The hearing commissioner, in denying the application on January 25, 1978, relied upon Dr. Smith's report of November 23, 1977, that DeLaFleur had a "pre-existing problem at L4-5 on the left side" that was causally related to the industrial accident and was exacerbated by the vehicular accident. The commissioner found that DeLaFleur had sustained injury in the industrial accident to L4-5 on the left and L5-S1 on the right, and that the Hospital had failed to prove that compensable disability had ended. On review, the Commission on March 14, 1978, adopted the findings of fact and conclusions of law of the hearing commissioner. We refused the Hospital's petition for appeal on August 24, 1978. (Record No. 780506).

By surgical procedure, the herniated disc at L4-5 left was removed and a spinal fusion was accomplished on March 27, 1978. Dr. Smith reported on April 5, 1978, that he believed it likely that, had it not been for the vehicular accident, DeLaFleur by that date would have

sufficiently recovered from the industrial accident to be able to return to work. He noted, however, that the employee "did have a lesion on the myelogram at L4-5 level on the left side before the car accident occurred". This report prompted the Hospital to file the current application for termination of benefits.

The Hospital contends that there was not sufficient evidence before the Commission to support its award to DeLaFleur of the costs of her March 1978 surgery, and that the issue of liability for such costs was never litigated before the hearing commissioner. We reject both contentions.

■ There was ample evidence throughout the record to establish the causal connection between DeLaFleur's herniated disc at L4-5 left and the industrial accident. Indeed, the hearing commissioner on January 25, 1978, so found, his finding was affirmed by the Commission, and we found no reversible error in the Commission's award. Thus, the injury to L4-5 left was determined to be compensable. If the employer is liable for compensation, it is also liable for medical expenses causally related to the injury. *Merrimac Coal Corp.* v. *Showalter,* 158 Va. 227, 231-32, 163 S.E. 73, 74 (1932).

Moreover, the Hospital, as the party seeking to terminate benefits, had the burden of proving a change of condition. *Foust Coal Co.* v. *Messer,* 195 Va. 762, 765, 80 S.E.2d 533, 535 (1954). It failed to do so. The evidence shows that the compensable back injury sustained by DeLaFleur in 1976 was aggravated by the 1977 automobile accident. She was entitled to continued compensation, notwithstanding the intervening accident, because of the medical evidence establishing the causal connection between the exacerbation and the original injury. *Burlington Mills* v. *Hagood,* 177 Va. 204, 210, 13 S.E.2d 291, 293 (1941).

■ The Hospital says that a discussion between the hearing commissioner and counsel at the January 10, 1979, hearing shows that no determination of liability for the 1978 surgical costs was sought or made. It appears from the record that counsel for DeLaFleur stated that the extent to which medical expenses would be claimed in a personal injury action that she proposed to file for damages resulting from the automobile accident would depend upon Dr. Smith's reports. It further appears that the hearing commissioner acknowledged that another issue might arise over some of the medical expenses. He stated in his opinion of May 18, 1979, that the question as to the liability of the employer for certain medical expenses would not be decided because of the unavailability of sufficient evidence. The award provided,

therefore, in general language that the employer's liability for medical expenses should be limited to those causally connected to the compensable injury. We agree with the employee that this record merely shows that the hearing commissioner, as well as the parties, recognized that some medical expenses would be causally connected to the industrial accident and some would be attributed solely to the automobile accident. Injuries other than those aggravating DeLaFleur's back problem would have no causal connection to the original injury and thus would not be compensable.

The Hospital was on notice from the Notice of Review issued by the Commission on July 9, 1979, that DeLaFleur sought determination of liability for medical expenses upon review by the Commission of the award of May 18, 1979. The full medical record was before the Commission and no effort had been made by the employer to rebut or modify this evidence in the several hearings which it initiated. We hold that the Hospital was not denied the opportunity to contest the issue of liability for the 1978 medical expenses.

■ The findings of fact of the Commission were based upon credible evidence and are conclusive and binding upon us. Code § 65.1-98; *A&P* v. *Robertson,* 218 Va. 1051, 1053, 243 S.E.2d 234, 235 (1978). Accordingly, we will affirm the award of September 4, 1979.

*Affirmed.*