COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


VIRGINIA FORKLIFT, INC. and
 MERCHANTS OF VIRGINIA GROUP
 SELF-INSURANCE ASSOCIATION
                                        MEMORANDUM OPINION[*] BY
v.  Record No. 2379-95-3            JUDGE JAMES W. BENTON, JR.
                                            JUNE 4, 1996
RAYMOND J. POWLICK

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Rodney A. Satterwhite (Dana L. Rust; Jonathan
              P. Harmon; McGuire, Woods, Battle & Boothe,
              L.L.P., on briefs), for appellants.

              T. Bryan Byrne for appellee.


     Virginia Forklift, Inc., appeals from the commission's

denial of its application for a change in condition.  It contends

that the commission (1) ignored the treating physician's opinion

that Raymond J. Powlick could return to his regular job, (2)

found without supporting medical evidence that Powlick's later

fall exacerbated his work-related injury and, (3) erroneously

required Virginia Forklift to prove that Powlick had fully

recovered from both injuries.  We affirm the commission's

decision.

                              I.

     On appeal, this Court is required to construe the evidence

in the light most favorable to the party prevailing below.  R.G.

Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

788, 788 (1990). So viewed, the evidence proved that on November 28, 1994, Powlick suffered a work-related injury when he slipped on a wet spot while exiting a service truck. Dr. Gary McGowan treated Powlick for severe pain in his right hip and the right side of his lower back. Further tests revealed a bulging of the disc at the L4-5 level and a less pronounced bulging at the L3-4 level. Dr. McGowan diagnosed a right hip strain, acute lumbar strain, and bulging lumbar discs. He prescribed physical therapy and medication.

Virginia Forklift accepted the injury as compensable and paid benefits pursuant to a memorandum agreement. The commission approved the memorandum of agreement and awarded temporary total disability to Powlick beginning December 6, 1994.

On February 13, 1995, Dr. George Johnson, a neurosurgeon, examined Powlick. He noted that Powlick "complain[ed] of constant, severe pain in the bilateral paralumbar region and right gluteal area and some into the left hip . . . [and] intermittent radiating pain into the lateral aspect of the right thigh." Dr. Johnson also noted that Powlick "is quite tender in the sacroiliac joint area, particularly on that right side." Although he noted that Powlick had bulging disc at L4-5 and L3-4, he had no explanation why Powlick had not responded to treatment. Dr. Johnson diagnosed "lumbar sprain/strain" and had no neurosurgical recommendations. He noted an expectation that Powlick would obtain relief "in a relatively short period of

time, with the therapy and exercises."

On February 14, 1995, the day after Dr. Johnson examined him, Powlick fell in a grocery store and injured his back. Powlick reported to his doctor "upper back, lower back, left hip/leg pain" as a result of the fall. An MRI report revealed that Powlick had "central and left-sided herniation of the L3-4 disc."

A report from a spine therapist indicated that Powlick was restricted to carrying no more than thirty-five pounds. On a functional capacity form dated February 21, 1995, Dr. Johnson restricted Powlick from lifting more than fifty pounds but stated he could return to his former job. Based upon Dr. Johnson's report, Virginia Forklift filed an application for hearing and suspension of benefits. Following its review of Powlick's response and the medical records, the commission denied the application.

On March 6, 1995, Dr. McGowan reported that Powlick had "non work related injuries (cervical strain, hip strain, lumbar strain, lumbar disc disease [herniation] which render him unable to work at this time)." On that same form, he indicated that Powlick could return to modified work "as related to work related injuries." On March 20, 1995, Dr. McGowan noted that Powlick could return to his regular work "as related to work related injury" but also noted that Powlick has "non work related injuries that may preclude work."

Based upon Dr. McGowan's report, Virginia Forklift filed another application for hearing and suspension of benefits. The commission granted this application for hearing. However, following a review of all the reports, the deputy commissioner found that Powlick exacerbated his work-related injury when he fell on February 15, and that the evidence failed to prove that he had recovered and was able to return to work. The commission affirmed those findings.

## II.

Virginia Forklift's application for hearing alleged that Powlick was able to return to work. Virginia Forklift, therefore, was required to prove a change in condition by a preponderance of the evidence. Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-439, 339 S.E.2d 570, 572 (1986). To bear its burden of proof, Virginia Forklift had "to establish by a preponderance of the evidence . . . that [Powlick] . . . was able fully to perform the duties of his preinjury employment." Sky Chefs, Inc. v. Rogers, 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981). Furthermore, the principle is well established that the commission's findings of fact when based upon credible evidence are conclusive and binding on appeal. Fairfax Hospital v. DeLaFleur, 221 Va. 406, 410, 270 S.E.2d 720, 722 (1980).

The medical evidence in the record was sufficient to prove that Powlick's fall on February 15, 1995, exacerbated his existing work-related injuries. The evidence proved that

- 4 -

Powlick's existing left side injuries and lumbar injuries were worsened by the intervening fall. Some of the injuries that Powlick suffered in the intervening fall occurred in the same area of his body that was earlier injured. Dr. McGowan's March 20 report clearly shows that the areas affected by the intervening fall were still disabling. Thus, the commission did not err in finding that Powlick continued to experience disability and was entitled to continuing compensation. See DeLaFleur, 221 Va. at 409, 270 S.E.2d at 722.

Furthermore, the record contains credible evidence to support the commission's finding that Powlick's work was strenuous and required him to lift over one hundred pounds. The reports by the spine therapist and Dr. Johnson establish that Powlick was unable to carry in excess of thirty-five to fifty pounds. Thus, credible evidence in the record also supports the commission's finding that as a result of the February 15 fall, Powlick exacerbated his work-related injury. The record supports the commission's findings that as a result of that exacerbation Powlick was unable to perform the duties of his preinjury employment. See Rogers, 222 Va. at 805, 284 S.E.2d at 607.

For these reasons, we affirm the commission's decision.
Affirmed.

- 5 -