COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Overton
Argued at Richmond, Virginia


JAMES T. JONES
                                          OPINION BY
v.        Record No. 1356-96-2    JUDGE NELSON T. OVERTON
                                        JANUARY 21, 1997
E.I. DUPONT DE NEMOURS & COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION


            Kevin W. Ryan (Gary W. Kendall; Michie,
            Hamlett, Lowry, Rasmussen & Tweel, P.C.,
            on brief), for appellant.

            Bruin S. Richardson, III (Wood W. Lay;
            Hunton & Williams, on brief), for appellee.


        James T. Jones appeals the Workers' Compensation

Commission's decision denying him medical benefits.  For the

reasons stated, we reverse.

        Jones filed a claim for an occupational disease contracted

as a result of his exposure to asbestos in the course of his

employment with E.I. DuPont de Nemours & Company (employer).

After a hearing, the deputy commissioner denied his claim for a

permanent scheduled loss under Code § 65.2-503(B)(17):

            In terms of asbestos caused pleural plaque
            and diaphragmatic plaque, none of the
            physicians have provided an analysis
            sufficient to conclude, with any degree of
            probability or likelihood, the extent of this
            condition or its medical characterization.
            Without such an analysis, it would be mere
            speculation to draw a conclusion regarding
            the claimant's pleural condition and whether
            or not it amounts to a stageable level of
            asbestosis.

Although the deputy commissioner found that Jones' condition had not yet reached a ratable stage of asbestosis, he did award Jones lifetime medical benefits for Jones' occupational disease.

The employer appealed, and the full commission reversed the deputy commissioner's award. The full commission ruled that because the asbestosis had not reached a <u>ratable</u> level under Code § 65.2-503, it had therefore not yet reached a <u>compensable</u> level. Accordingly, the commission ruled that medical benefits could not be awarded for a non-compensable disease.

We find that the commission's interpretation of the Workers' Compensation Act is too narrow. The deputy commissioner made a factual finding, with which the commission concurred, that the presence of disease was established, evidenced by asbestos fibers, scarring, and pleural thickening. The employer and the commission cite <u>Mayo v. E.I. DuPont de Nemours & Co.</u>, 70 O.I.C. 181 (1991), for the proposition that undisputed asbestosis that has not reached a ratable level under Code § 65.2-503 (formerly Code § 65.1-56) is not a compensable occupational disease and renders the claimant ineligible for any benefits under the Act. We disagree. Simply because the disease fails to rise to the level of a permanent loss on the schedule of Code § 65.2-503 does not automatically preclude an award of medical benefits. To the extent that <u>Mayo</u> conflicts with our own reading of the Act, <u>Mayo</u> does not accurately state the law.

Code § 65.2-403 allows an award of medical benefits to

employees who have an occupational disease covered by the Act.[1]
If Jones' condition constitutes an occupational disease, he is
entitled to those benefits.

> The Act defines an occupational disease as follows:
> A. As used in this title, unless the context
> clearly indicates otherwise, the term
> "occupational disease" means a disease
> arising out of and in the course of
> employment, but not an ordinary disease of
> life to which the general public is exposed
> outside of the employment.
> B. A disease shall be deemed to arise out of
> the employment only if there is apparent to
> the rational mind, upon consideration of all
> the circumstances:
> 1. A direct causal connection between the
> conditions under which work is performed and
> the occupational disease;
> 2. It can be seen to have followed as a
> natural incident of the work as a result of
> the exposure occasioned by the nature of the
> employment;
> 3. It can be fairly traced to the employment
> as the proximate cause;
> 4. It is neither a disease to which an
> employee may have had substantial exposure
> outside of the employment, nor any condition
> of the neck, back or spinal column;
> 5. It is incidental to the character of the
> business and not independent of the relation
> of employer and employee; and
> 6. It had its origin in a risk connected
> with the employment and flowed from that
> source as a natural consequence, though it
> need not have been foreseen or expected
> before its contraction.

---

[1] Section 65.2-403 allows the same medical benefits as those
awarded for an injury by accident. We note that the commission
frequently awards medical benefits for accidental injuries where
no other compensation is awarded.

Code § 65.2-400.  Upon review of the statutory language and the factual findings of the commission, we conclude that Jones' condition falls within the definition of an occupational disease.  He is therefore entitled to medical benefits under Code § 65.2-403.  Whether a permanent loss compensable under Code § 65.2-503 accompanies the disease has no impact upon an award under Code § 65.2-403.

We reverse the commission's decision and remand with instructions to enter an award not inconsistent with this opinion.

<u>Reversed and remanded.</u>