COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


DELLA SUE MARKWELL
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1572-97-4      JUDGE RUDOLPH BUMGARDNER, III
                                         APRIL 28, 1998
AMERICAN CONVENIENCE, INC. AND
 UNINSURED EMPLOYER'S FUND


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Peter J. Jones for appellant.

            Diane C.H. McNamara for appellee American
            Convenience, Inc.

            No brief or argument for appellee Uninsured
            Employers' Fund.


        Della Sue Markwell contends that the Workers' Compensation

Commission erred in finding that (1) there was no compensable

injury after January 20, 1995 and (2) American Convenience, Inc.,

was not required to pay for counseling services rendered by Melba

Hendrix.  American Convenience appeals on the issue of whether

the claimant sustained a compensable injury by accident.  Upon

reviewing the record and the briefs of the parties, we conclude

that the cross-appeals are without merit.  Accordingly, we affirm

the commission's decision.

        The claimant worked as a clerk at American Convenience,

Inc., when she was robbed December 1, 1994.  She claims

compensable injuries from that date until September 3, 1996.  The

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

deputy commissioner found that the claimant had an injury by accident (post-traumatic stress syndrome) which rendered her totally disabled from work from December 8, 1994 through June 6, 1995 and from January 23, 1996 through September 3, 1996. He also found that the employer was not responsible for the claimant's counseling costs because Melba Hendrix's services were not medical attention. The compensation commission found that the claimant had sustained a compensable injury, but entered a modified award for temporary total disability from December 8, 1994 through January 20, 1995 only. It based the decision on the finding that the claimant's medical evidence failed to prove the disability continued beyond January 20, 1995. The commission affirmed the opinion that the employer was not responsible for Melba Hendrix's services.

The claimant was referred to Melba Hendrix, a licensed professional counselor, by the Victim-Witness Coordinator of the Commonwealth's Attorney's Office. Ms. Hendrix referred the claimant to Dr. Ralph Robinson, a general practitioner. Dr. Robinson prescribed medicine for the claimant and last saw her on January 20, 1995. Dr. Robinson did not supervise Ms. Hendrix's work.

The claimant contends that the commission erred in not considering the testimony and records of Ms. Hendrix as expert testimony on the issue of disability. Relying on Broschinski v. Alcoa Building Products, No. 0651-95-3 (Va. Ct. App. Sept. 19, 1995), and Neff v. Houff Transfer Inc., VWC File No. 165-33-84

[95/1 WC 1653384] (January 31, 1995), the commission ruled that Ms. Hendrix's office notes were not a "medical report" for purposes of the Workers' Compensation Act. Code § 65.2-603. The commission found that Ms. Hendrix's notes were not relied upon by any medical expert.

The claimant distinguishes Broschinski, and argues that Hendrix's notes can be treated as medical reports, because Hendrix testified at the hearing and thus overcame the hearsay objection. Broschinski is not a case based upon hearsay objections to evidence. The case stands for the proposition that a licensed professional counselor's report is not a "medical report" as defined in Code § 65.2-603.

The commission's ruling is one of expertise, the ability of a licensed professional counselor to diagnose a medical condition. There was no showing that Ms. Hendrix had the expertise to give the opinion offered at the hearing. While Ms. Hendrix has a master's degree in counseling, she is not a physician. Nor are her opinions or reports incorporated into a treating physician's opinion.

On appeal, the commission's construction of the Act is entitled to great weight. City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985). Commission findings are binding on appeal if supported by credible evidence. Code § 65.2-706(A); Fairfax Hospital v. DeLaFleur, 221 Va. 406, 410, 270 S.E.2d 720, 722 (1980). Absent some showing that a licensed professional counselor is competent to give opinions in this area

of medicine, the commission did not err in declining to rely on that evidence.

The claimant also contends that the commission erred in refusing to order the employer to pay for services rendered by Ms. Hendrix. An employer's liability for paying for medical treatment is limited to treatment provided by a physician or treatment which is "rendered under the supervision of, or in conjunction with treatment rendered by, a physician." Neff, at 3; Code § 65.2-603. The claimant argues that evidence that Ms. Hendrix's name was written on a prescription pad by Dr. Robinson indicates that he referred the claimant to Ms. Hendrix. However, there was other evidence, including testimony of both the claimant and Ms. Hendrix, that showed the Victim-Witness Coordinator referred the claimant to Ms. Hendrix and that Ms. Hendrix suggested that the claimant contact Dr. Robinson. There was also clear evidence that the doctor did not supervise Ms. Hendrix and only conferred with her to advise on what medicines he was giving to the patient. Dr. Robinson did not treat the claimant after January 20, 1995, and after that date no doctor dealt with Ms. Hendrix until January 1996. The commission's ruling that the employer is not liable for the counseling fees is supported by credible evidence.

Finally, the claimant argues that there is no evidence to support the commission's finding that there was no disability after January 20, 1995. The claimant alleges she suffered from post-traumatic stress disorder which made her have panic attacks

- 4 -

whenever she saw an African-American. She claimed that this continued from December 4, 1994 through the date of the commission's hearing on September 3, 1996. The employer presented several witnesses who stated that the claimant did not exhibit this condition.

There is no medical evidence of the claimant's condition from January 20, 1995 until Dr. Chua opines that she has continued to be disabled in April, 1996.[1] The commission did not find Dr. Chua's opinion regarding disability persuasive because it lacked medical corroboration. In view of all the evidence, the commission was entitled to determine the sufficiency of the evidence and to reject Dr. Chua's unsubstantiated assessment. Because the claimant failed to present evidence to support her claim of continuing disability after January 20, 1995, the decision of the commission will be affirmed.

Employer contends that the commission erred in finding a compensable injury beginning December 8, 1994 because there was no competent medical evidence to support that conclusion. The commission's decision is based on credible evidence and shall not be disturbed on appeal.

For the foregoing reasons, the commission's May 28, 1997 decision will be affirmed.

<u>Affirmed.</u>

---

[1]The commission did not rely on Ms. Hendrix's notes or testimony for the reasons stated.

- 5 -