COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


BARRY JOSEPH LUSSEN
                                                MEMORANDUM OPINION* BY
v.        Record No. 1705-03-3                  JUDGE ROBERT P. FRANK
                                                  DECEMBER 16, 2003
CITY OF ROANOKE FIRE & EMS


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Rhonda L. Overstreet (Lumsden, Overstreet & Hansen, on brief), for
        appellant.

        Steve J. Talevi, Assistant City Attorney (William M. Hackworth,
        City Attorney; Office of the City Attorney, on brief), for appellee.


        Barry Joseph Lussen (claimant) appeals the decision of the Workers' Compensation

Commission (commission) denying his claim for medical benefits.  He argues the commission

erred when it found he was not disabled as a result of his heart condition and, thus, not entitled to

the presumption of "occupational disease, suffered in the line of duty," found in Code

§ 65.2-402(B).  We find that, since claimant lost no wages and no time from work, he was not

disabled.  We, therefore, affirm the decision of the commission.

                                         BACKGROUND

        Claimant began his employment with the City of Roanoke (City) as a firefighter in 1974.

Claimant's pre-employment physical revealed no heart disease.  He thereafter received annual

employment physicals.  Claimant was fifty-one years of age when the instant claim for

compensation was filed.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

During the course of an annual physical examination on January 26, 2001, claimant underwent an electrocardiogram (EKG) under the supervision of Dr. Thompson N. Berdeen. Dr. Berdeen interpreted the results of the EKG as "abnormal." He referred claimant to Dr. J. Phillip Bushkar for additional testing and assigned claimant to routine desk duties, stating "no fighting fires until rechecked." In a report dated October 22, 2002, Dr. Berdeen clarified the restriction, explaining, "Mr. Barry Lussen was assigned office duty prior to evaluation by Dr. Bushkar pur[e]ly as a precautionary measure. This in no way indicates a state of disability." Claimant explained that, during the week he was restricted to office duty, he "was either in the office, or [he] was at the hospital getting the tests done."

On January 29, 2001, claimant was seen by Dr. Bushkar, who interpreted the EKG results as indicating that claimant may have "had an infarct about six months ago." Claimant underwent additional testing by Dr. Bushkar on January 31, 2001. In an office notation dated February 2, 2001, Dr. Bushkar stated the testing "just showed a small inferior infarct." He specifically found no evidence of ischemia[1] or any other abnormalities. Accordingly, Dr. Bushkar "cleared [claimant] without restriction to return to work." Appellant returned to full duty as a firefighter on February 2, 2001. At no time was claimant required to take sick leave or extended illness leave. He did not suffer any loss of wages. Claimant testified he missed no time from work.

The deputy commissioner dismissed the claim, finding no evidence of disability. The full commission, upon review, affirmed the deputy's decision that claimant had failed to prove he had suffered a disability. The commission concluded:

> Similarly, here, the evidence showed only that the claimant was
> placed on work restrictions as a precautionary measure, pending
> testing by Dr. Bushkar. Dr. Berdeen, who issued these restrictions,
> opined that his restriction of the claimant "in no way indicates a

---

[1] According to the fourth edition of the American Heritage Dictionary, ischemia is "[a] decrease in the blood supply to a bodily organ, tissue, or part caused by constriction or obstruction of the blood vessels."

state of disability."  Dr. Bushkar found no evidence of ischemia or any abnormality and cleared the claimant to return to regular work, in effect, endorsing Dr. Berdeen's view that the claimant was never disabled.  We agree with the deputy commissioner that the claimant did not show that he suffered any disability because of a heart condition, and therefore, did not suffer an occupational disease under Code § 65.2-402.

## ANALYSIS

Claimant contends he did, in fact, establish a disability as a result of a heart condition, thus entitling him to the presumption under Code § 65.2-402(B), which states that "heart disease causing . . . any health condition or impairment resulting in total or partial disability . . . shall be presumed to be occupational diseases, suffered in the line of duty . . . ."[2]

> On appeal, we view the evidence in the light most favorable to the party prevailing below.  R. G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  If supported by credible evidence, the factual findings of the commission are binding on appeal.  Code § 65.2-706(A); Fairfax Hospital v. DeLaFleur, 221 Va. 406, 410, 270 S.E.2d 720, 722 (1980).  However, "we review questions of law *de novo*," Rusty's Welding Serv. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999)

---

[2] Claimant does not argue he is entitled to medical benefits under Code § 65.2-403.  Code § 65.2-403(B) states, in part:

> An employee who has occupational disease that is covered by this title shall be entitled to the same hospital, medical and miscellaneous benefits as an employee who has a compensable injury by accident . . . .

In Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 75, 577 S.E.2d 538, 541 (2003), we said:

> "[Jones v. E. I. DuPont De Nemours & Co., 24 Va. App. 36, 480 S.E.2d 129 (1997),] equates occupational diseases to injuries by accident for purposes of medical benefits.  By doing so, Jones recognizes that both sets of conditions can give rise to two unique categories of benefits.  See generally Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law, § 57.10 (1999).  The first category of benefits consists of "wage loss payments based on the concept of disability."  Id.  The second category consists of the "payment of hospital and medical expenses occasioned by any work-connected injury, *regardless of wage loss or disability*."  Id. (emphasis added).

- 3 -

> (*en banc*), ever mindful that, "[w]hile the provisions of the Virginia [Workers' Compensation] Act are to be liberally construed to see that its benefits are awarded to injured employees, that principle [neither] authorize[s] the courts to amend, alter or extend its provisions, nor . . . require[s] that every claim asserted be allowed," Bowden v. Newport News Shipbuilding & Dry Dock Co., 11 Va. App. 683, 688, 401 S.E.2d 884, 887 (1991). While we generally give great weight and deference, on appeal, to the commission's construction of the Workers' Compensation Act, we are "'not bound by the commission's legal analysis in this or prior cases.'" Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 248, 563 S.E.2d 368, 372 (2002) (quoting U.S. Air, Inc. v. Joyce, 27 Va. App. 184, 189 n.1, 497 S.E.2d 904, 906 n.1 (1998)), appeal filed, No. 021766 (July 29, 2002).

Tomes v. James City Fire, 39 Va. App. 424, 429-30, 573 S.E.2d 312, 315 (2002).

Under the terms of Code § 65.2-402, in order for the presumption to apply and to result in an award, a covered claimant must prove the disease and a resulting disability. The rebuttable presumption created by this statute establishes a causal relationship between *the disease* and a claimant's *employment*. See Bass v. City of Richmond Police Dep't, 258 Va. 103, 112, 515 S.E.2d 557, 561 (1999). By its language, the statute does not establish a presumption that a *disability* arose from the *disease*. See Code § 65.2-402(B) (noting that an employee's heart disease must be proved to cause or result in death, total disability, or partial disability, before the presumption applies).

The Supreme Court in J.A. Foust Coal Co. v. Messer, 195 Va. 762, 767, 80 S.E.2d 533, 536 (1954), discussed the difference between merely establishing a disease and establishing a disability:

> In Larson's Workmen's Compensation Law, Vol. 2, § 57.10 [now § 80.02] appears the following:
>
> "It has been stressed repeatedly that the distinctive feature of the compensation system, by contrast with tort liability, is that its awards (apart from medical benefits) are made, not for physical injury as such, but for 'disability' produced by such injury. The central problem, then, becomes that of analyzing the unique and rather complex legal concept which, by years of compensation

- 4 -

legislation, decision and practice, has been built up around the term 'compensable disability.'["]

"The key to the understanding of this problem is the recognition, at the outset, that the disability concept is a blend of two ingredients, whose recurrence in different proportions give rise to most controversial disability questions: the first ingredient is disability in the medical or physical sense, as evidenced by obvious loss of members or by medical testimony that the claimant simply cannot make the necessary muscular movements and exertions; the second ingredient is *de facto* inability to earn wages, as evidenced by proof that claimant has not in fact earned anything."

Claimant contends he was not required to establish a loss of wages to invoke the presumption under Code § 65.2-402(B). He argues his inability to fight fires for a week and his restriction to light duty established a "partial disability."

The commission based its finding in part on Dr. Berdeen's October 22, 2002 letter that indicated claimant was "assigned office duty prior to evaluation by Dr. Bushkar pur[e]ly as a precautionary measure. This in no way indicates a state of disability." Further, the commission found claimant did not miss any hours from work nor did he suffer any lost wages. He remained on "office duty" at full pay. The commission also relied on Dr. Bushkar's opinion that he found no evidence of ischemia or any other abnormality. The commission properly considered this evidence and concluded claimant suffered no disability.[3]

Claimant presented no evidence that he was totally or partially disabled in a way that prevented him from continuing to work for the fire department. He proved no loss of earnings.

---

[3] We note, however that benefits under Code § 65.2-503 for a scheduled permanent loss do not depend on reduction of earning capability. See Morris v. Virginia Ret. Sys., 28 Va. App. 799, 806, 508 S.E.2d 925, 929 (1999) ("Benefits paid pursuant to Code § 65.2-503 of the Act for the loss of use of a body member are not payments for lost wages but for loss of what might be termed 'human capital.' These benefits are in no way contingent upon or related to a worker's capacity to work or income earned after return to work. In that regard, they are unique.").

Further, the commission was entitled to accept Dr. Bushkar's opinion that claimant's temporary assignment to office duty "in no way indicate[d] a state of disability." Since claimant has not proven any disability, he is not entitled to the presumption under Code § 46.2-402(B) and, therefore, is not entitled to an award under that provision.

We affirm the commission's denial of the claim for benefits under Code § 65.2-402(B).

<u>Affirmed.</u>