# CIRCUIT COURT OF THE CITY OF RICHMOND

Richmond Redevelopment
and Housing Authority

v.

Shirley Gilliam

October 29, 2009

Case No. CL09-4164

BY JUDGE MELVIN R. HUGHES, JR.

This case is here on an appeal by a political subdivision, the Richmond Redevelopment and Housing Authority, in the matter of an employee grievance concerning employment termination.

After a final-stage hearing in the grievance process, a hearing officer sustained the employee's position ruling that the employer (RRHA) had no grounds to terminate employment for falsifying a job application and ordered the employee reinstated.

According to the record, the RRHA terminated Shirley Gilliam, the employee grievant, in 2009 for falsifying her employment application she submitted three years earlier in May 2006. Since 2006, the employee had been employed as a senior office support specialist, a position she described involved "data entry." The 2006 job application called for the employee to check whether she had ever been convicted of a crime and, if so, the date, crime, and court. The employee completed this section by indicating the date and court where she sustained a conviction. The employee was also aware at the time that a criminal background check would be part of the process.

The application form also had a section where the applicant was asked to describe "the particulars" of any criminal offense reported. The grievant indicated she was convicted in federal court due to another person's failure to file a federal tax 990 while they both worked for a non-profit entity. Two years

later, when RRHA had occasion to initiate a criminal investigation of employees in the grievant's work section, it was revealed that grievant had sustained a conviction for conspiracy to violate the laws of the United States by her failure to file a federal tax form 990 and her own federal income tax 1040. The parties agree that the employee was not the subject of the investigation nor was she ever implicated in the investigation. During the grievance hearing, the grievant testified, *inter alia*, that she was not confused by the application questions. She testified her thinking was her conviction was not a conspiracy because she was "one person" and the inquiries "relat[ed] to me only" due to the failure to file the 990.

The hearing officer found, based on the application questions asked and answered and the ability of RRHA to inquire further, the grievant was "not untruth[ful]." He ordered the employee's reinstatement without back pay.

RRHA takes the position that the hearing officer's decision is contrary to law and that the hearing officer did not have the authority to reinstate the employee, albeit without back pay. While RRHA argues that it can establish its own grievance procedure, pursuant to Va. Code § 15.2-1507(A)(4), nevertheless a decision on Court review is to be made under the provisions of Va. Code § 2.2-3006(B). The statute sets the standard of review in employee grievance cases as — in the words of the statute — whether the hearing officer's determination was "contradictory to law."

As to the facts in administrative appeals, a reviewing court, as here, is bound by the hearing officer's findings of fact if supported by credible evidence. *Goodyear Tire & Rubber Co. v. Pierce*, 5 Va. App. 374, 380, 363 S.E.2d 433 (1987) (citing *Fairfax Hosp. v. DeLaFleur*, 221 Va. 406, 410, 270 S.E.2d 720, 722 (1980)). Regarding witness credibility, the Courts have said, "Traditional principles dictate, both in civil and criminal law, that the determination of a witness' credibility is within the fact finder's exclusive purview because [the fact finder] has the best opportunity to observe the appearance and demeanor of the witness." *Goodyear Tire & Rubber Co. v. Pierce*, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

Here, with respect to the charge of falsifying the application, the employee can be said to not have been entirely forthcoming. In the charge of falsifying, the focus is on the grievant's report of the particulars of her conviction. In this, the employee was either ignorant of the nature of her conviction or she intended to mislead by not supplying all the material aspects of the actual nature of the conviction she sustained. This set up a situation for the fact finder to resolve, whether the grievant intentionally misled or, in the words in the charge against her, whether she falsified her application by concealment, that is, by not telling the whole truth. In considering all the

circumstances, the grievant's testimony and the fact that it is undisputed that the grievant knew her application was subject to a criminal background check, it was within the province of the hearing officer to assess whether the grievant had the animus to deceive. As indicated, the hearing officer was in the position to assess the grievant's credibility based on her demeanor, etc. considering the circumstances. This leaves a case on a record where the evidence suggests an outcome which is susceptible to more than one interpretation. Under these circumstances, the Court cannot say that the conclusion reached was necessarily one that could not be reached under the substantial evidence rule relating to appeals to a court of administrative determinations. *Johnston-Willis v. Kenley*, 6 Va. App. 231 (1988); *Virginia Real Estate Comm'n v. Bias*, 226 Va. 264 (1983). In *Virginia Dept. of State Police v. Barton*, 39 Va. App. 439 (2002), the Court stated that the "law" to which the hearing officer's decision is "contradictory" is the "law" which is "aggregate of legislation, judicial precedents, and accepted legal principles." *Id.* at 446.

As to the authority of the hearing officer to reinstate. Consistent with Va. Code § 15.2-1507(A)(4) under Va. Code § 2.2-3005.1(A), the hearing officer has such authority.

Therefore, the Court finds that RRHA's appeal is without merit and the hearing officer determination will be sustained.